CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
June 04, 2025
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| SAUNDERS FRANKLIN, | ) | |
| Plaintiff, | ) ) | Case No. 7:25-cv-00327 |
| v. | ) ) | **MEMORANDUM OPINION** |
| LT. BROGGINS, | ) ) ) | By:  Hon. Thomas T. Cullen  United States District Judge |
| Defendant. | ) | |

Plaintiff Saunders Franklin, proceeding *pro se*, filed this civil-rights action under 28 U.S.C. § 1983 against Lt. Broggins. (*See generally* Compl. [ECF No. 1].) Plaintiff did not pay the filing fee before filing his complaint and is instead seeking leave to proceed with this action *in forma pauperis*. (*See id.*; Prisoner Trust Account Report [ECF No. 2].)

Under the "three-strikes" provision of the Prison Litigation Reform Act ("PLRA"), a prisoner may not bring a civil action without prepayment of fees, even upon meeting the *in forma pauperis* requirements, "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brough an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted[.]" 28 U.S.C. § 1915(g). Upon the court's review, Plaintiff has had more than three cases dismissed as frivolous, malicious, or for failure to state a claim while incarcerated, including:

(i) *Franklin v. Green*, Case No. 7:98-cv-00275 (W.D. Va.) (dismissed under 28 U.S.C. § 1915A(b)(1));

(ii) *Franklin v. Ayers*, Case No. 7:03-cv-00036 (W.D. Va.) (dismissed under 28 U.S.C. § 1915A(b)(1));

    (iii)    *Franklin v. Jones, et al.*, Case No. 7:23-cv-00481 (W.D. Va.) (dismissed for failure to state a claim); and

    (iv)    *Franklin v. Agnor, et al.*, Case No. 7:24-cv-00204 (W.D. Va.) (dismissed for failure to state a claim).

Because Plaintiff has three "strikes" under § 1915(g), he is only eligible to proceed without prepaying the filing fee if he demonstrates that he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). This exception to the three-strikes rule "allows a very narrow class of prisoner claims to bypass the 'three strikes' rule." *Meyers v. Comm'r of Soc. Sec. Admin.*, 801 F. App'x 90, 95 (4th Cir. 2020). Importantly, "the requisite imminent danger of serious physical injury must exist at the time the complaint or the risk that the conduct complained of [must] threaten[] continuing or future injury . . . ." *Chase v. O'Malley*, 466 F. App'x 185, 186 (4th Cir. 2012). When a prisoner has three or more strikes and does not show imminent danger, he or she must pay the full filing fee before proceeding with his or her claims. *See Green v. Young*, 454 F.3d 405, 407–08 (4th Cir. 2006).

Here, Plaintiff's filings do not show that he is in imminent danger of serious physical harm because his allegations concern only past danger. "[S]omeone whose danger has passed cannot reasonably be described as someone who 'is' in 'imminent' danger." *Hall v. United States*, 44 F.4th 218, 224 (4th Cir. 2022). Although "past danger or past threats of danger may be considered in evaluating whether the danger is imminent at the time of filing . . ., past allegations of danger or threats of harm *on their own* are insufficient to satisfy the exception." *Id.* (citing *Chase*, 466 F. App'x at 186) (emphasis in original). Absent specific factual allegations showing that a threat to a plaintiff's health or safety persists in the present, a prisoner cannot rely on the exception to the three-strikes rule. *See Smith v. Stirling*, No. 9:20-2359-TMC-MHC,

2020 WL 8713675, at *3 (D.S.C. Sept. 10, 2020) (citing *Johnson v. Warner*, 200 F. App'x 270, 272 (4th Cir. 2006)).

Plaintiff's complaint lacks the necessary factual allegations to show that any threat of harm persists in the present. (*See* Compl. 1.) His limited allegations appear to concern a single past incident and the past behavior of Defendant during that incident. (*See id.*) He offers no indication that he perceives any present threat to his safety or wellbeing at the hands of Defendant. For this reason, Plaintiff is not eligible for the exception to § 1915(g)'s three-strikes provision and cannot proceed with this action without first paying the full filing fee. The court will therefore deny Plaintiff leave to proceed *in forma pauperis* and will order that he pay the full filing fee within 30 days to proceed with his claims in this action.

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying order to Plaintiff.

**ENTERED** this 4th day of June, 2025.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE